## No. 10,727.

### JOSEPHINE M. KING VS. JOHN G. GRANT.

If the work to be done on a building is a reconstruction of a part of it, rendered necessary by an original defect, the lessor's implied warranty is violated and the lessee has the right to demand the dissolution of the lease.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

————.

*Geo. L. Bright* for Plaintiff and Appellant.

————

*W. S. Parkerson* for Defendant and Appellee.

52

The opinion of the court was delivered by

McENERY, J.   This is a suit for rent of leased premises.   The defendant notified the plaintiff that he considered the contract of lease at an end, and that he would move from the premises.

The defence is that the lessor failed to maintain the building in a condition to serve the use for which it was leased, owing to original and inherent defects in the roof.

The building was leased by defendant for a furniture store.

The testimony is that the roof was a batten one, and that it was impossible to repair it to prevent its leaking.   The leaks were over the entire roof, and when ever it rained the water in a great number of places went through the roof, and caused considerable damage to the furniture in the building.   Repeated efforts were made by the plaintiff to repair the roof, but without success.

On August 7, 1889, the defendant addressed to plaintiff's agent the following letter:

"NEW ORLEANS, August 7, 1889.

"*Geo. L. Bright, Esq.*, agent of property *50 and 52 Baronne street, No. 19 Commercial Place, New Orleans, La.*—SIR:   I must insist upon the repair of this roof.   I have been begging for years that the roof should be repaired, and since I have occupied the building there has never been a time during a rain when it did not leak.   When the rain is unusually heavy, the gutters overflow and the water pours down from under the slates.   I am damaged by this morning's rain, from this cause, not less than $150, and can not stand this any longer without seeking a remedy.   In the present condition of the roof I can not protect my goods.

"I insist that there shall be no more patchwork, as has been done heretofore, but that the roof be thoroughly repaired.   I will wait a reasonable time to see what you are going to do.

"Respectfully,

"J. G. GRANT."

The plaintiff's agent replies as follows:

"NEW ORLEANS, August 8, 1889.

"*Mr. J. G. Grant*—DEAR SIR:   I have paid $145 to repair the roof of the premises you occupy as my tenant, 50 and 52 Baronne street.

"I paid this, thinking that the repairs were needed from ordinary and natural wear and tear.

"I have since discovered that the repairs were necessary because

of the skylight you put in the roof, and because your employés were in the habit of walking on the roof to stop the leaks of your skylight.

"You are notified to remove the skylight and restore the roof as it was before, and you are requested to pay me $145.07.

"Very respectfully,                          GEO. L. BRIGHT,

"*Attorney for Miss King.*"

To which was sent this answer and notification:

"NEW ORLEANS, August 12, 1889.

"*George L. Bright, Esq., Agent of Miss Josephine King, New Orleans, La.*—DEAR SIR: Your letter to me of the 8th August instant, in answer to my letter of August 7th, has been received.

"As you refuse to make anew the roof of the property leased to me, and, as without a new roof, it is impossible for me to use said property, I am under the obligation of renting another property, and beg leave to notify you that I consider the lease between us at an end, and will vacate property Nos. 50 and 52 Baronne street on the 31st August instant.

"The premises are, therefore, tendered to you from and after said date.          Respectfully,                          J. G. GRANT."

The skylight was placed on the roof by defendant, with the consent of the plaintiff. The roof leaked before the skylight was placed on the roof.

The proof is that the defect in the roof was an inherent defect in its construction. To make it tight and free from leaks would have required its reconstruction and a change in its original design.

The repairs to be made were not of that character contemplated by Art. 2604 of the Civil Code, when the lessee, in default of their being made by the lessor, can make them and deduct the amount from the price of the lease.

By the nature of the contract, the lessor was bound to maintain the premises in a condition to serve the use for which they were leased, and to cause the lessee to be in peaceable possession during the continuance of the lease.

This guaranty extends to the vices and defects of the thing leased, which prevent it from being used, even if it appear that the lessor was ignorant of their existence.

In this case the building was untenantable, totally unfit for the

purposes for which it was leased.   It was the duty of the lessor to reconstruct the roof, as required by the defendant.   The plaintiff not only refused to do this, but demanded a sum of money from the defendant for repairs which she had made to the roof, and the removal of the skylight, to which she had consented should be placed on it.   The facts in this case fully warranted the defendant in considering the lease at an end, and abandoning the premises.   Civil Code, 2699-2700; Coleman vs. Haight, 14 An. 564; Caffin vs. Redon, 6 An. 487.

Judgment affirmed.